**Gary L. KRETCHMAR, Appellant**

v.

**Patricia L. BACHTLE, Prothonotary, Bucks County Pennsylvania; G. Thomas Wiley, Court Administrator, Bucks County, Pennsylvania; John or Jane Doe Office of Prothonotary, Bucks County, Pennsylvania; John or Jane Doe 1 Office of Court Administrator, Bucks County, Pennsylvania; Ward F. Clark, Senior Judge, Court of Common Pleas of Bucks County, Pennsylvania; Superior Court of Pennsylvania Docket Number, 3346 EDA 202, June 5, 1003, Order; Mary Jane Bowes, Judge; Stephen A. McEwen, Jr., Judge; Correale F. Stevens, Judge; Supreme Court of Pennsylvania Docket Number, 589 Mal 2003, February 17, 2004 Order; Ralph J. Cappy, Chief Justice; Ronald D. Castille, Justice; Honorable Judge J. Michael Eakin, Justice; William H. Lamb, Justice; Russell M. Nigro, Justice; Sandra Schultz Newman, Justice; Superior Court Judge Thomas Saylor, Justice; Stephen A. Zappala, Justice.**

No. 05–3084.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 6, 2006.

Decided Jan. 11, 2006.

Gary Kretchmar, Graterford, PA, pro se.

Mary E. Butler, Supreme Court of Pennsylvania, Philadelphia, PA, Michael A. Klimpl, Office of County Solicitor, Bucks County, Doylestown, PA, for Appellees.

Before BARRY, STAPLETON and GREENBERG, Circuit Judges.

OPINION

PER CURIAM

Gary Kretchmar appeals the District Court's order granting appellees' motions to dismiss his complaint. Kretchmar filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. He alleged that appellees improperly handled a petition for habeas corpus filed in the state courts. The appellees filed motions to dismiss. The District Court concluded that review of several of Kretchmar's claims was barred by the *Rooker–Feldman* doctrine and that Kretchmar failed to state a claim against appellees Wiley and Bachtle because he had not shown their personal involvement in the alleged wrongful actions. Kretchmar filed a timely notice of appeal and we have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of the District Court's application of the *Rooker–Feldman* doctrine is plenary. *Parkview Assoc. Partnership v. City of Lebanon*, 225 F.3d 321, 323 (3d Cir.2000). The *Rooker–Feldman* doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The Supreme Court has explained that this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

the District Court proceedings commenced and inviting District Court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005).

Here, Kretchmar alleged that appellees improperly processed his state habeas corpus petition as a civil matter instead of as a criminal matter. After this petition was denied in August 2002, Kretchmar refiled the state habeas petition in the criminal division. That petition was denied in October 2002. On appeal, the Superior Court rejected Kretchmar's argument that the Court of Common Pleas incorrectly processed his petition. Krecthmar raised this issue in a petition for allowance of appeal which the Supreme Court of Pennsylvania denied in February 2004. In November 2004, Kretchmar filed the instant complaint in the District Court. He complains of injuries caused by state-court judgments rendered before he filed his federal complaint. He clearly seeks to have the federal courts review and reject those state-court judgments. Thus, federal review of Kretchmar's claims is barred by the *Rooker–Feldman* doctrine.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's June 8, 2005 order. The appellees' motion to be excused from filing a brief is granted.